IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN E. YERTY, )
            )
        Plaintiff, )
            )
    v.      )
            ) Civil Action No. 10-286J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
            )
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of January, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed his DIB and SSI applications on April 3, 2007, alleging disability as of March 20, 2006, due to degenerative disc disease and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on April 2, 2009. On April 24, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 17, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eleventh grade education, was 46 years old on his alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a forklift operator and a warehouse worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease status post L5-S1 diskectomy with an asymptomatic L4-L5 protrusion, depression with panic attacks, bipolar disorder, adult anti-social actions, sedative induced mood disorder, and a history of opiate, benzodiazepine and alcohol dependence in partial remission, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is limited to occasional walking, standing, balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. In addition, he requires the option to alternate sitting and standing for 1-2 minutes approximately every 20 minutes during the workday. Further, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Finally, plaintiff must work primarily with objects, rather than with people (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ

concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform work that exists in significant numbers in the national economy, such as a laundry folder, hand packer, labeler-marker, inspector-checker, surveillance system monitor, waxer of glass products or assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and

residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. For reasons explained below, these arguments are without merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is

equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that he meets or equals listing 1.04 (disorders of the spine), 12.04 (affective disorders) or 12.06 (anxiety related disorders). Although plaintiff broadly claims that he meets one or more of these listings, he provides no explanation whatsoever in his brief to support his position.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from degenerative disc disease, depression with panic attacks, bipolar disorder, adult anti-social actions, sedative induced mood disorder, and a history of drug and alcohol dependence in partial remission, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination,[1] do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under

---

[1] Plaintiff argues that the ALJ failed to consider his impairments in combination in determining that he is not disabled. Plaintiff's argument is without merit. In connection with the ALJ's step 3 finding, he explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing. (R. 19). Further, the ALJ's detailed decision makes clear that he considered all of plaintiff's impairments in combination in assessing his residual functional capacity. (R. 23-25).

⊛AO 72
(Rev. 8/82)

- 6 -

sections 1.00 and 12.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 19). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 19-22).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet or equal a listing. Other than making a one-sentence assertion that he meets or equals listings 1.04, 12.04 and/or 12.06, plaintiff failed to demonstrate that the evidence of record substantiates his argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity.[2] 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Here, plaintiff argues that the ALJ erred at step 5 because he gave inadequate weight to the opinions of plaintiff's treating

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(4).

physicians, he improperly evaluated plaintiff's credibility, and he incorrectly assessed plaintiff's residual functional capacity. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ did not properly weigh the opinions of Drs. Antonowicz and Ejianreh, who were two of his treating physicians. Plaintiff is incorrect. The ALJ considered evidence from Drs. Antonowicz and Ejianreh in analyzing whether plaintiff's impairments met a listing at step 3 of the sequential evaluation process and in assessing his residual functional capacity at step 4. Contrary to plaintiff's position, evidence submitted by these doctors supports the ALJ's conclusion that plaintiff is not disabled. For example, Dr. Antonowicz rated plaintiff's GAF score at 63, (R. 261), which indicates some mild symptoms or some difficulty in social, occupational, or school functioning, but generally the individual is functioning pretty well.

Plaintiff next contends that the ALJ improperly evaluated his credibility regarding his subjective complaints of pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found

plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and opinion evidence by physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1)-(3), 416.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his pain was not entirely credible. (R. 24). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 24-25), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's RFC Finding is not supported by substantial evidence because it did not account for his back condition, pain, and concentration problems. To the contrary, the ALJ's comprehensive RFC Finding incorporated all of plaintiff's functional limitations that the evidence of record supported, including accommodations for any alleged back pain and

concentration problems. Indeed, the ALJ accounted for plaintiff's alleged pain by restricting him to light work that involves only occasional walking, standing and postural maneuvers and that affords him a sit/stand option throughout the workday. Further, the ALJ accounted for any alleged concentration difficulties plaintiff experiences by limiting him to simple, routine, repetitive tasks that are not performed in a fast-paced work environment and that involve only simple work-related decisions. For these reasons, the court finds that the ALJ properly assessed plaintiff's residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

                                                 /s/ Gustave Diamond
                                                 Gustave Diamond
                                                 United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901